Shaw C. J.
delivered the opinion of the Court. Several positions, which have been the subject of argument in this case, may be taken to be perfectly well established.
1. That a common carrier is responsible for all losses and damages which may happen to goods received to be carried, except such as result from the act of God, or a public enemy, or from the act or default of the owner himself, unless such liability is limited or restrained by the terms of the contract, under which the goods were received.
2. That a carrier by water, whether by inland navigation or coastwise from port to port, or to and from foreign countries, is a common carrier.
3. That the signing of a bill of lading acknowledging to have received the goods in question, in good order and well conditioned, is prima facie evidence, that as to all circumstances which were open to inspection and visible, the goods were in good order ; but it does not preclude the carrier from showing, in case of loss or damage, that the loss proceeded from some cause, which existed but was not apparent, when he received the goods, and which, if shown satisfactorily, will discharge the carrier from liability. But in case of such loss or damage, the presumption of law is, that it was occasioned by the act or default of the carrier, and of course the burden of proof is upon him to show that it arose from a cause existing before his receipt of the goods for carriage, and for which he is not responsible.
*44 The only difficulty in this cause, is in applying those principLs* t0 Le Lets proved.
Of these facts, though some are controverted, some others, and those most material, seem to be placed beyond doubt. It is not denied, that the box was marked, “ Glass — with care — this side up ; ” which was quite sufficient notice to the defendant, that the article was valuable, and liable to injury from rough handling and other causes, and that there was danger in carrying it in any other position than the one indicated by the inscription.[1] As the carriage is a matter of contract, as the owner has a right to judge for himself, what position is best adapted to carry goods of this description with safety, and to direct how they shall be carried, and as the carrier has a right to fix his own rate for the carriage, or refuse altogether to take the goods with such directions, the Court are all of opinion, that if a carrier accepts goods for carriage, thus marked, he is bound to carry the goods in the manner and position required by the notice. Here it is in evidence, and not denied, that the box was stowed in such a manner that the marked side was not kept up, and consequently the large bottle, which was broken by some cause on the passage, after it was stowed and before its arrival, bore its weight upon its side and not on its' bottom. But it is argued, that although this fact is evidence of both negligence and breach of contract, still if the loss was not the consequence of such negligence, the defendant is not the more responsible on that account. This is no doubt correct. But we are clearly of opinion, that such negligence and breach of contract being proved, the defendant is bound to stand to the loss, unless he can prove clearly, that the loss was in no way attributable to that cause ; or rather to prove affirmatively, and beyond reasonable doubt, what was the cause of the loss, and that such cause was not attributable, in any degree, to the negligent' disregard of the notice on the box.
In order then to establish this defence, supposing no negligence or disregard of the notice proved, as the goods were *45 received on board apparently in good order, as the loss or damage did not happen from any of the perils excepted by law, or the terms of the contract, the defendant must prove, that the loss was occasioned by some act or default of the owner himself or his agent, in not sufficiently putting up and packing the article, in good and sufficient vessels and packages. But as negligence, and disregard of the directions of the shipper, are clearly proved, the defendant is bound to go further, and prove that the loss happened from some cause not attributable in whole or in part to this disregard of the shipper’s direction.[1]
Jfote. The Court being of opinion, that according to the principles above stated, the evidence did not sustain the verdict, a new trial was granted.

 See Owen v. Burnett, 2 Crompt. & Mees. 36; Relf v. Rapp, 3 Watts & Serg. R. 25.

 Story on Bailments, § 529, and cases cited